IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN KNIGHTON,                                    Civ. No. 6:12-CV-00379-TC

　　　　　　　Plaintiff,                              FINDINGS AND RECOMMENDATION

　　　v.

KEMPER SPORTS MANAGEMENT, INC.,

　　　　　　　Defendant.

---

COFFIN, Magistrate Judge:

　　　Plaintiff Benjamin Knighton, appearing pro se, filed suit alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and state law claims alleging employment discrimination. Plaintiff alleges that, for reasons related to his religion and sex, defendant Kemper Sports Management, Inc., failed to promote him on four occasions and ultimately terminated his employment. Plaintiff seeks monetary damages for lost wages and damage to his reputation in the amount of $150,000. Defendant moves to dismiss plaintiff's federal claims, and a portion of his state law claim, on the grounds that the complaint is untimely. The motion to dismiss should be granted, in part.

## BACKGROUND

For the purposes of this motion, the court accepts the allegations of plaintiff's complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff began working for defendant on May 8, 2006 as a Seasonal Golf Professional at Pacific Dunes golf course. Plaintiff applied for promotions in 2007, 2008, 2009, and lastly in April 2010.

In 2007, plaintiff applied for a promotion for the position of 1st Assistant Golf Professional at the Pacific Dunes Golf Course, but another man, allegedly less qualified and a friend of the hiring supervisor, received the position. Plaintiff alleges that defendant did not promote him because plaintiff does not consume alcohol or attend social events centered around alcohol, in accordance with his religious beliefs.

In 2008, plaintiff applied for the 1st Assistant Golf Professional position at Bandon Trails Golf Course, but a female, allegedly less qualified and romantically involved with the hiring supervisor, received the position.

In 2009, plaintiff applied for the Head Professional position at Bandon Dunes Golf Course, but the position did not open to applicants and was given to a woman, the Director of Retail at Bandon Dunes.

In 2010, plaintiff applied for the Head Professional position at Pacific Dunes Golf Course, but another man, allegedly less qualified and friendly with the hiring staff, received the position. Again, plaintiff contends he was passed over for this promotion because of his religious beliefs regarding alcohol and his reluctance to attend social events centered around drinking.

On December 17, 2010, defendant terminated plaintiff's position.

On July 12, 2012, plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) alleging discriminatory conduct by defendant, including claims for failure to promote and wrongful termination. The charges were simultaneously filed with the Oregon Bureau of Labor and Industries (BOLI).

In his original complaint, plaintiff indicated that he received a Notice of Right to Sue (Right to Sue letter) from the EEOC on November 30, 2011.

Plaintiff mailed his complaint to the court for filing and included with his Complaint an authorization permitting the court to charge the filing fee to his credit card.

On March 2, 2012, plaintiff's complaint was filed, as indicated on the court docket sheet. The court then contacted the plaintiff to explain that the court accepts credit card payments only in person. Plaintiff claims he was not given a deadline for making alternative payments. # 20 at 5. On May 15, the court instructed plaintiff to pay the filing fee or seek in forma pauperis status within twenty days. On June 5, 2012, plaintiff paid the $350.00 filing fee.

## STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs motions to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). For the purpose of a motion to dismiss, a complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F. 3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. Id. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv, 572 F. 3d 962, 969 (9th Cir. 2009). A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Under Rule 12(b)(6), "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). Under Rule 12(b)(6), a complaint cannot be dismissed as untimely "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Pesnell v. Arsenault, 531 F.3d 993, 997 (9th Cir. 2008).

## DISCUSSION

Defendant argues that plaintiff's federal claims are untimely and must be dismissed. Defendant contends that plaintiff's failure to promote claims are untimely because plaintiff did not file his EEOC complaint within 300 days of the allegedly unlawful conduct. Defendant asserts that plaintiff's Title VII termination claim is untimely because he did not file his lawsuit within 90 days of receiving his Right to Sue letter. Defendant also argues that plaintiff's state law claim for failure to promote is untimely because plaintiff did not file an administrative complaint or file a lawsuit within one year of the unlawful conduct.

Plaintiff opposes defendant's Motion to Dismiss, arguing that the motion is time-barred, and the defendant has misidentified the discriminatory conduct and miscalculated the time-periods for plaintiff to file suit.

Plaintiff's claim that defendant's Motion to Dismiss is time-barred is without merit. The Ninth Circuit allows a motion under 12(b) anytime before the responsive pleading is filed. Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F. 2d 1470, 1474 (9th Cir. 1988). Defendant has not filed a responsive pleading and I find the Motion to Dismiss timely filed. Therefore, I will consider the merits of defendant's motion.

A.  Federal Claims

    1.  Failure to Promote Claims

        When a state agency has the authority to grant or seek relief with respect to alleged unlawful practices, an employee who files a complaint with that agency also must file a charge with the EEOC within 300 days of the employment practice. 42 U.S.C. § 2000e—5(e)(1). A claim that is not filed within 300 days is time barred. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). According to the plaintiff's Complaint, the latest failure to promote allegedly occurred in April 2010. # 1 at 3. Even if the act occurred on April 30, 2010, plaintiff was required to file an EEOC charge by February 24, 2011. Plaintiff filed his EEOC charge on July 12, 2011, well outside the 300-day time limit for filing a charge. Plaintiff responds that the failures to promote culminated in plaintiff's termination on December 17, 2010, which was within the 300-day time frame. # 20 at 4. The Supreme Court has rejected the argument that related discrete acts can constitute a continuing violation, with the exception of claims alleging a hostile work environment. Nat'l R.R. Passenger Corp. 536 U.S. at 536. Furthermore, the Supreme Court determined that when discrete discriminatory acts are time barred, they are not actionable, even when they are related to acts alleged in timely filed charges. Id. Here, even a liberal interpretation of plaintiff's complaint reflects separate, discrete acts of failing to promote.

        Thus, plaintiff's failure to promote claims are time-barred based upon the facts asserted, and plaintiff fails to state a claim for failure to promote under Fed. R. Civ. P. 12(b)(6). These claims should be dismissed.

    2.  Wrongful Termination Claim

        Defendant moves to dismiss plaintiff's Title VII wrongful termination claim as untimely because plaintiff did not file a lawsuit within 90 days of receiving his Right to Sue letter from the

EEOC. Defendant emphasizes that plaintiff alleges he received the Right to Sue letter on November 30, 2011, but did not file his complaint until March 2, 2012 – ninety two days later.

In response, plaintiff asserts that the Right to Sue letter was issued on Nov. 30, 2011, but that he actually received the letter on December 6, 2011. Plaintiff also attempted to amend his complaint to reflect the changed date. Defendant argues that the court should decline to consider plaintiff's Amended Complaint because plaintiff failed to ask leave of the court to amend his Complaint. See Fed. R. Civ. Pro 15(a).

The court accepts plaintiff's Amended Complaint. When a *pro se* litigant technically violates a procedural rule, the court may respond with leniency. Smallwood v. NCSoft Corp., 730 F. Supp. 2d 1213, 1221 (D. Haw. 2010). Even though plaintiff was required to seek leave to amend, the court declines to hold plaintiff, appearing *pro se*, to the same standard as an attorney. Moreover, defendant fails to show that plaintiff's proposed amendment is prejudicial, futile, or made in bad faith. Farina v Compuware Corp., 256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003). The case remains in its early stages and plaintiff presents evidence to support his amendment. See # 20. at 5 & Ex. A.

Accepting plaintiff's Amended Complaint, the court finds plaintiff's Title VII wrongful termination claim timely. When the EEOC dismisses a claim, it must notify the claimant that he or she has 90 days to file a civil suit, otherwise the action is barred. 42 U.S.C. § 2000e-5(f)(1); Scholar v. Pac. Bell, 963 F.2d 264, 266–67 (9th Cir. 1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations."). Plaintiff's Amended Complaint alleges that plaintiff received the Right to Sue letter from the EEOC on December 6, 2011. The court construes the facts in favor of the moving

party for the purpose of a motion to dismiss, and finds that plaintiff filed suit within the 90-day right to sue period.

Alternatively, defendant argues that plaintiff's claim is untimely because it was not actually filed until he paid the filing fee on June 5, 2012. However, the case docket indicates the complaint was filed on March 2, 2012. While the docket separately denotes the date on which the plaintiff paid the filing fee on June 5, 2012, I do not find that the issue of payment alters the original date of filing in this case.

Furthermore, I find plaintiff's effort to pay the filing fee analogous to filing a motion to proceed in forma pauperis – a circumstance under which a court may find a statute of limitations period is tolled. See e.g., Scary v. Philadelphia Gas Works, 202 F.R.D. 148, 151 (E.D. Penn. 2001). In Scary, the plaintiff brought a Title VII suit against his former employer, alleging he was passed over for promotions because of his age and race, and was ultimately forced to retire early. Plaintiff filed his ifp motion on March 24, 1998, but did not pay the filing fee until February 9, 2000, seventeen months after the expiration of the 90-day period. Id. at 150, 152. The court reasoned that the statute of limitations is tolled when the complaint and ifp motion are filed, provided that the fee is paid within a reasonable time if the motion is denied. Id. at 151. Ultimately, the court held that a seventeen-month delay was unreasonable. Id. at 152.

Applying these principles to the case at hand, I find that the plaintiff's attempt to complete payment via mail tolled the statute of limitations. Though payment was not completed for several months, no local rule governs the specific length of time to complete payment and plaintiff submitted payment when directed to do so. Thus, I find that plaintiff's payment on June 5, 2012 was within a reasonable period of time under the circumstances and defendant's motion should be denied as to this claim.

B. State Claims

Plaintiff also brings state law claims under Or. Rev. Stat. § 659A.030 (discrimination because of race, color, religion, sex, sexual orientation, national origin, marital status or age prohibited). According to Or. Rev. Stat. §§ 659A.820(2) and 659.875(1), a plaintiff must file an administrative complaint or lawsuit within one year of an unlawful employment act. For the reasons explained above, plaintiff's failure to promote claim is untimely and therefore should be barred. Defendant does not challenge plaintiff's state wrongful termination claim, and I find that it is timely.

## CONCLUSION

Defendant's Motion to Dismiss (# 8) should be granted as to plaintiff's federal and state failure to promote claims and denied with respect to plaintiff's wrongful termination claims.

These Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

Dated this **25ᵗ** day of September 2012.

_____

Thomas Coffin

United States Magistrate Judge